**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

ROBERT EARL KEMP, #133696,

        Petitioner,

                                   Civil No: 2:08-CV-14859
                                   Honorable Nancy G. Edmunds
                                   Magistrate Judge Donald A. Scheer

v.

KENNETH ROMANOWSKI,

        Respondent.

_____/

**OPINION & ORDER GRANTING RESPONDENT'S  MOTION FOR
SUMMARY JUDGMENT AND DENYING A CERTIFICATE OF APPEALABILITY**

      Petitioner, Robert Earl Kemp,  ("Petitioner") has filed a *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. §2254.  Petitioner, who is currently incarcerated at

the Kinross Correctional Facility in Kincheloe, Michigan, challenges his convictions in a

Wayne County jury trial for second-degree murder, assault with intent to commit murder,

and felony firearm.[1]  Respondent argues in its motion for summary judgment  that the

habeas petition is barred from review on statute of limitations grounds.  Petitioner has not

filed a response, nor has he addressed the statute of limitations issue in his habeas

petition.

_____

    [1]Petitioner was convicted on May 12, 1993 and sentenced on May 27, 1993.

## I. BACKGROUND

Petitioner filed his claim of appeal with the Michigan Court of Appeals within the appropriate time frame.  On August 25, 1995, the Michigan Court of Appeals affirmed Petitioner's convictions but remanded the matter for resentencing.  *People v. Kemp,* No: 167003, (Mich. Ct. App. Aug. 25, 1995).  Petitioner then sought an appeal with the Michigan Supreme Court, and relief was denied.  *People v. Kemp,* 451 Mich. 880; 549 NW2d 569 (1996)(table).  Petitioner filed a reconsideration motion with the Michigan Supreme Court and relief  was again denied.  *People v. Kemp,* 550 NW2d 792 (1996)(table). While Petitioner's application for leave to appeal was pending before the Michigan Supreme Court, Petitioner was resentenced on September 26, 1995 and received the same terms of imprisonment.

Petitioner appealed his sentence to the Michigan Court of Appeals and his sentence was affirmed.  *People v. Kemp,* No: 191132 (Mich. Ct. App. May 30, 1997).  An appeal was sought through the Michigan Supreme Court and relief was denied on April 27, 1998.  *People v. Kemp,* 457 Mich. 857; 581 NW2d 730 (1998).

In  2004, Petitioner filed a series of motions to compel in the trial court on April 8, 2004, May 14, 2004, and July 26, 2004.  On December 23, 2004, the trial court issued an order denying the discovery motions.  On August 11, 2006, Petitioner filed a motion for relief from judgment.  The motion was denied on October 6, 2006.  On May 30, 2007, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied.  *People v. Kemp,* No: 278291 (Mich. Ct. App. Aug. 23, 2007).  Petitioner filed a motion for reconsideration which was also denied on October 2, 2007.  Petitioner appealed the decision to the Michigan Supreme Court and relief was likewise denied on

January 8, 2008. *People v. Kemp*, 480 Mich. 1013; 743 NW2d 45 (2008).

On November 13, 2008, Petitioner filed his habeas petition with this Court, raising the following issues: (1) whether the trial court erred in its admission of Petitioner's inculpatory statements; (2) whether trial counsel provided ineffective assistance; and (3) whether there was an error in the imposition of Petitioner's sentence.

## II.  STANDARD

### A.  Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F.3d 846, 851 (6th Cir. 2000), quoting Fed R. Civ. P. 56(c).  To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor.  *Id.*  The summary judgment rule applies to habeas proceedings.  *Redmond v. Jackson,* 295 F.Supp.2d 767, 770 (E.D. Mich. 2003).

### B.  Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations shall apply to an application of writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one-year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution  or laws of the United States is removed, if the

3

application was prevented from filing by such State action; (C) the date on which the constitutional   right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).  A federal court will dismiss a case where a petition for a writ of habeas corpus does not comply with the one-year statute of limitations.  See *Wilson v. Birkett,* 192 F.Supp.2d 763, 765 (E.D. Mich. 2002); see also *Holloway v. Jones,* 166 F.Supp.2d 1185, 1187 (E.D. Mich. 2001).   "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. §2244(d)(2).

## III.  DISCUSSION

### A.  Timeliness of Habeas Petition

In this case, the direct appeal[2] of Petitioner's conviction ended when the Michigan Supreme Court denied Petitioner's application for leave to appeal on April 27, 1998. *People v. Kemp,* 457 Mich. 857; 581 NW2d 730 (1998).   Petitioner's conviction would become final, for the purposes of commencing the AEDPA's one-year limitations period, on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired.  *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000).  Petitioner's judgment therefore became final on July 26, 1998, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub,* 10 F.Supp.2d 834, 835 (E.D. Mich. 1998).

---

[2] The Michigan Court of Appeals affirmed Petitioner's conviction, but remanded for resentencing.  *People v. Kemp,* No: 191132 (Mich. Ct. App. May 30, 1997). Petitioner was resentenced on September 26, 1995.

4

Therefore, because Petitioner's conviction became final after the April 24, 1996 enactment date of the AEDPA, Petitioner had one-year from July 26, 1998 to timely file a petition for habeas relief with the federal court.  28 U.S.C. §2244(d)(1)(A).  Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with the federal court no later than July 26, 1999.  Since he did not file a habeas petition by July 26, 1999, as detailed above, his pleading is time-barred, absent statutory tolling or a delayed start of the statute of limitations under one of the subsections quoted above, or by virtue of equitable tolling.

### A.  Statutory Tolling Pursuant to 28 U.S.C. §2244(d)(2)

A properly filed application for state post-conviction review or other state collateral review (i.e., motion for relief from judgment or motion for a new trial)  tolls the statute of limitations during the period the application is pending, but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has expired. *Ege v. Yukins,* 485 F.3d 364, 371-72 (2007); *see also Hargrove v. Brigano,* 300 F.3d 717, 718, n.1 (6th Cir. 2002); 28 U.S.C. §2244(d)(2).  Such a post-judgment filing can only serve to pause a clock that has not yet fully run.  *Benoit v. Bock,* 237 F.Supp.2d 804, 807 (E.D. Mich. 2003).  Once the limitations  period has expired, collateral petitions can no longer serve to avoid a statute of limitations.  See *Jurado v. Burt,* 337 F.3d 638, 641 (6th Cir. 2003).

Petitioner filed a series of motions to compel during the months of April, May and July of 2004; and his motion for relief from judgment was filed on August 11, 2006. Although Petitioner's filing of his  motion for relief from judgment would have tolled the statute of limitations,  he failed to do so until well after the statutory period expired on July

5

26, 1999. Because the one-year limitations period had already expired by the time
Petitioner filed his post-conviction motion, the filing of his motion did not toll the limitations
period and the  petition is therefore untimely.  Consequently, the statutory  tolling available
under §2244(d)(2) does not benefit Petitioner.

## B.  Equitable Tolling

The habeas limitations provision is not a jurisdictional  prerequisite to habeas relief,
and is thus subject to equitable tolling.  See *Dunlap v. United States,* 250 F.3d 1001, 1007
(6th Cir. 2001).   "The petitioner bears the burden of establishing that he is entitled to
equitable tolling." *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003).  A petitioner
who seeks equitable tolling generally "bears the burden of establishing two elements: (1)
that he has been pursuing his rights diligently, and (2) that some extraordinary
circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).
Nevertheless, "equitable tolling [should] be applied sparingly [.]." *Dunlap,* 250 F.3d at 1008.
In determining whether equitable tolling is appropriate, the Court must consider "(1) the
petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive
knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of
prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant
of the legal requirement for filing his claim."  *Andrew v. Orr,*  851 F.2d 146, 151 (6th Cir.
1988).

Lack of prejudice to the respondent is not an independent basis for involving the
doctrine of equitable tolling.  *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152
(1984).  Petitioner has not responded to Respondent's motion nor has he addressed these
statute of limitations issues in his original petition.  Therefore, Petitioner has not alleged that

6

he lacked notice or knowledge of the filing requirement.  Nor has he demonstrated that he was diligent in pursuing his claims as set forth above.  Equitable tolling is not appropriate under the circumstances.

## C.  Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  See 28 U.S.C. §2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).  When a federal district court denies a habeas claim on procedural grounds (i.e., statute of limitations) without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debateable whether the district court was correct in its procedural ruling.  See *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed.  In such a case, no appeal is warranted.  *Id.*


After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable.  No certificate of appealability is warranted in this case.

## IV.  Conclusion

7

Accordingly,

**IT IS ORDERED** that "Respondent's Motion for Summary Judgment" [Dkt. #4] is

**GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  July 8, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 8, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

8